UNITED STATES of America, Plaintiff,

v.

Albert Caesar TOCCO, et al., Defendants.

No. 83 CR 650.

United States District Court, N.D. Illinois, E.D.

Oct. 26, 1983.

John Evon/Mitchell Mars, Dept. of Justice, Chicago, Ill., for plaintiff.

Victor F. Ciardelli, Donald N. Novelle, Robert A. Novelle, Vincent F. DiPiero, Serpico, Novelle, Dvorak & Navigato, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On August 17, 1983, a special grand jury charged the twelve defendants in this case with illegal gambling, in violation of 18 U.S.C. §§ 371 and 1955, and 26 U.S.C. § 7203. Now before the Court is the government's motion for an inquiry into any conflict of interests resulting from the representation of three of the defendants by attorney Robert Novelle ("Novelle"), his partner Donald Novelle and his associate Vincent DiPiero. For the reasons set forth below, we decide that there is no conflict of interests presently requiring the disqualification of these lawyers.

## I.

■ The government first asserts that Novelle should be disqualified from representing John Hadala ("Hadala") because Novelle previously represented two witnesses before the grand jury which handed down the indictments in this case. The government will likely call these witnesses at trial. Thus, the government claims that an actual conflict of interests would arise, pitting the interest of Novelle in cross-examining the witnesses effectively on Hadala's behalf against Novelle's interest in maintaining the privileged confidences of the witnesses.

Although a conflict of interests usually occurs when a defense attorney has earlier represented a prosecution witness, no such conflict appears to exist in this case. In a hearing on October 14, 1983, Novelle informed this Court that

> my sum and substance representation of [the two witnesses] was a five-minute meeting in my office. They received subpoenaes—they came in with a bunch of individuals, said they had subpoenaes, they were going to invoke the Fifth Amendment, and they walked over and invoked the Fifth Amendment. The sum of the interview with them was cursory, at best.

Furthermore, Novelle states that he does not recall the particulars of the conversation he had with the witnesses, that he has no files relating to them and that he would not even recognize one of the witnesses if he saw him in court.

This case is therefore distinguishable from situations in which the defense attorney has represented a prosecution witness at an entire trial or for any significant period of time. *Compare United States v. Martinez*, 630 F.2d 361 (5th Cir.1980), *cert.*

*denied*, 450 U.S. 922, 101 S.Ct. 1373, 67 L.Ed.2d 351 (1981) (defendant did not receive effective assistance of counsel with regard to cross-examination of a witness whom the attorney had previously represented on charges related to defendant's) *with United States v. Re*, 336 F.2d 306 (2d Cir.1964) (attorney of government witness at trial also had represented defendants very briefly, but there was no evidence that any confidences of defendants were violated). Because Novelle received no confidential information from the witnesses, his ability to cross-examine them on Hadala's behalf should be unimpaired. Thus, Novelle's brief representation of the witnesses does not create a conflict of interests requiring Novelle's disqualification.[1]

## II.

■ The government also claims that the joint representation of Hadala and two of his co-defendants by Novelle and his two office mates creates an impermissible conflict of interests. However, at this time no such conflict appears likely to arise.

Rule 44(c) of the Federal Rules of Criminal Procedure provides that a court should inquire into the joint representation of co-defendants by "counsel who are associated in the practice of law."[2] Pursuant to this rule, this Court has advised each of the affected defendants of his constitutional right to the effective assistance of counsel, including separate representation. Each defendant has informed the Court that he has discussed with his attorney the possibility of a conflict of interests, yet still wishes to retain that attorney. In addition, it presently appears that the jointly represented defendants will present no inconsistent defenses at trial.[3] Thus, although the

---

**1.** The government also seeks to disqualify Novelle's two office mates from representing defendants James Kluge and Joanne Hucek. This disqualification would be premised derivatively upon Novelle's disqualification. Since Novelle is not disqualified, neither are the other two lawyers.

**2.** The particular measures to be taken in this inquiry are not set forth in the rule, but are left

to the Court's discretion. *United States v. Bradshaw*, 719 F.2d 907 at 914 (7th Cir.1983).

**3.** Novelle and his associates have filed statements asserting that they anticipate no inconsistent defenses which might create an actual conflict of interests in this case. In paragraphs 2 and 3 of their statements, the attorneys mention motions to suppress and to sever. The attorneys are hereby ordered to file, by October

potential for a conflict of interests remains, the likelihood of such a conflict does not seem great enough to warrant disqualification of Novelle or his office mates at this time. The Court is prepared to make further inquiries into possible conflicts, if necessary, as the case proceeds.[4]

Accordingly, we decide that there currently is no conflict of interests requiring the disqualification of Novelle or his office mates. It is so ordered.

28, 1983, additional statements explaining what they propose to do if a conflict of interests arises from the denial of these motions.

